JAMES TUFFY, Respondent, *v.* GRIFFITH HUMPHREY, Appellant.

*Malicious prosecution — proof as to what took place on the trial, where the only issue is one of probable cause, is incompetent.*

In an action to recover damages for malicious prosecution it appeared that the defendant, upon being informed by one Pine that the plaintiff had shot holes into a barrel belonging to the defendant, took Pine before a justice of the peace where a complaint charging the plaintiff with a misdemeanor was made upon Pine's deposition; that a trial was had and resulted in the acquittal of the plaintiff.

The fact that the criminal proceedings were terminated in favor of the plaintiff was admitted by the pleadings.

Upon the trial of the civil action neither the criminal information nor the affidavit of Pine was produced and it was alleged that they could not be found. The plaintiff was allowed to give parol evidence of the contents of the information and affidavit and of the testimony given by Pine and other witnesses in the criminal proceedings.

*Held,* that the question at issue in the case was as to the lack of probable cause which was to be determined from the circumstances surrounding the case at the time the prosecution was instituted, and that the admission of parol evidence as to what took place upon the trial required a reversal of a judgment in favor of the plaintiff.

APPEAL by the defendant, Griffith Humphrey, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 6th day of November, 1902, upon the verdict of a jury for $250, and also from an order entered in said clerk's office on the 7th day of November, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Josiah Perry*, for the appellant.

*M. H. Powers*, for the respondent.

Stover, J. :

This is an appeal from a judgment in favor of the plaintiff in an action for malicious prosecution.

Defendant was the owner of a whey barrel that had been left at a cheese factory of which he was a patron. Going to the factory on one occasion, his attention was called to the fact that his whey barrel had been shot into. An examination showed that it had evidently been used as a target, and had been shot into a great many times, the shots perforating both sides of the barrel. Upon making inquiries, he was informed by one Pine that the plaintiff was the person, or one of the persons, who had been engaged in shooting into the barrel. The defendant took Pine, his informant, to a justice of the peace and a complaint charging the plaintiff with a misdemeanor was made, Pine making a statement of the affair, which he alleged he had knowledge of. Trial was had and the plaintiff was acquitted.

Upon the trial of this action neither the information nor the affidavit of Pine were produced, and it was alleged that they could not be found. Parol evidence was attempted to be given of the contents, but it is difficult to gather from the evidence just what the statements were before the justice. Parol evidence was admitted as to the testimony given by Pine upon the trial of plaintiff, from which it was claimed that he had made a statement contradicting the one made upon the application for the warrant. Parol evidence was also introduced as to the testimony given by other witnesses upon the trial before the justice.

We think the judgment must be reversed by reason of error in the admission of testimony. The question at issue in this action was the lack of probable cause, and that was to be determined from the circumstances surrounding the case at the time the prosecution was instituted. The fact that the proceedings were terminated in favor of the defendant in the criminal proceedings was admitted by the pleadings, so that the proceedings upon the trial which resulted in the acquittal were not material to the issue. While the statements of the prosecutor himself might have been competent under

some circumstances, he could not be bound by the statements of witnesses introduced upon the criminal charge. If the testimony was material at all it could only be so to prove an existing fact. There was no attempt upon the trial of the action to prove the fact, but a statement of an individual with reference to it was admitted in evidence. This was clearly hearsay and inadmissible.

As the plaintiff made almost his entire case by the introduction of evidence as to what took place upon the trial of the criminal charge, it cannot be said that the defendant was not prejudiced by the admission of this testimony. As we think the judgment must be reversed for these reasons it is not profitable to discuss the other questions contained in the briefs.

All concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event, upon questions of law only, the facts having been examined and no error found therein.